UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> BIG CREEK LANDSCAPING, LLC, WILLIAM J. BRYMER, and RACHAEL A. BRYMER, <br><br> Defendants | No. 1:08-00071 <br> Judge Trauger/Brown |

## O R D E R

The Plaintiff in this matter has filed a second motion for default judgment against the Defendant Big Creek Landscaping, LLC (Docket Entry 38). The undersigned has been directed by Judge Trauger to prepare a report and recommendation concerning this matter. Judge Trauger has entered an agreed judgment (Docket Entry 37) that has been signed by the Plaintiff and the individual Defendants.

Since Big Creek Landscaping, LLC's (Big Creek) is not a natural person, it must be represented by an attorney and no attorney has made an appearance for Big Creek. Default was previously entered as to Big Creek (Docket Entry 12).

The present motion for default judgment is supported by an affidavit of Mr. McDonnell, Managing Director of Construction Service Claims for Travelers (Docket Entry 38-1), which states as custodian of the records that direct damages from the guaranteed contracts in this matter is $139,025.33.

It would have been useful in reviewing this claim to have been provided some details of how this amount was determined. It appears, as a practical matter, that Big Creek is out of business and that the owners, Mr. and Mrs. Brymer, are jointly liable. They have submitted, and Judge Trauger has signed, an agreed judgment in this matter for $139,025.33. In view of this action, the Magistrate Judge does not believe that under these circumstances additional documentation is necessary.

The same cannot be said for the request for the additional $4,015.50. The affidavit of Mr. Stone simply states that that is the amount. However there is no breakdown as to what makes up this amount, what part of it is costs, what part is attorneys' fees, and what part is other expenses. Simply stating that the amount is $4,015.50 does not make it a sum certain as that the Clerk could enter a default judgment. To the extent attorneys' fees are requested, the application must indicate the amount and nature of the work performed so the Court can make a determination as to whether it is reasonable. Taxable costs should be sought through a bill of costs under Local Rule 54.01(a).

Because of these difficulties, the Magistrate Judge is unwilling at this point to submit a report and recommendation in excess of the amount agreed on by the individual Defendants of $139,025.33. In order to grant the additional sum, the Plaintiff must submit a detailed breakdown of what constitutes that figure.

The Plaintiff may have **14 days** within which to submit such additional information. In the absence of additional information, the undersigned will prepare a report and recommendation recommending a default judgment against Defendant Big Creek in the amount of $139,025.33.

It is so **ORDERED**.

/s/ *Joe B Brown*
JOE B. BROWN
United States Magistrate Judge